UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DINO A DIEZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　Defendant. | Case No.: 18-CV-156-DMS(WVG)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 2] and (2) SETTING BRIEFING SCHEDULE AND HEARING DATE ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

**A.　Briefing Schedule for Filing of Cross-Motions for Summary Judgment**

On January 23, 2018, Plaintiff filed a complaint seeking judicial review of Defendant's denial of disability benefits under the Social Security Act. (Doc. No. 1.) On June 11, 2018, Defendant filed an answer and the administrative record. (Doc. Nos. 11, 13.) Pursuant to Rule 16.1(e)(3) of the Local Rules, an Early Neutral Evaluation is not required to be held in this case. CivLR 16.1(e)(3). This Order sets out a briefing schedule and hearing date for cross-motions for summary judgment:

1. Plaintiff shall file and serve a motion for summary judgment on or before **September 14, 2018**.

2. Defendant shall file and serve an opposition and cross-motion for summary judgment on or before **October 12, 2018**.

3. Plaintiff shall file and serve an opposition to the cross-motion and reply to Defendant's opposition on or before **November 2, 2018**.

4. Defendant shall file any reply to Plaintiff's opposition on or before **November 9, 2018**.

5. The motions shall be scheduled for hearing on November 9, 2018, at 8:30 a.m. Unless the Court directs otherwise in advance, this matter will be resolved on the papers, and **no personal appearances on the hearing date are required**.

**B.    Plaintiff's Motion for Appointment of Counsel**

A plaintiff in a civil case generally has no right to appointed counsel. *See Hernandez v. Whiting*, 881 F.2d 768, 770-771 (9th Cir. 1989). However, federal courts have discretion to request counsel "to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But appointment of counsel under section 1915 requires a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal quotations omitted).

Here, there is little basis to support a finding of exceptional circumstances at this time. Neither Plaintiff's request for appointed counsel nor the accompanying affidavit provide justification to grant the request at this time. Both documents lack facts or circumstances that demonstrate this case is exceptional. Further, the record is not sufficiently developed such that the Court can make a determination on the likelihood of

success on the merits.  *Pro se* litigants are afforded some leniency to compensate for their lack of legal training.  For example, "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted).  This deferential standard also applies to motions.  *Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).  Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

Based on the foregoing, Plaintiff's Motion for Appointment of Counsel is DENIED.

**IT IS SO ORDERED.**

DATED: July 31, 2018

Hon. William V. Gallo
United States Magistrate Judge